## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Shawn A. McCollum,

        Plaintiff,

v.

Warden Jeff Titus, Acting Warden
Sherlinda Wheeler, and Does 1–5,[1]
sued in their professional capacities,[2]

        Defendants.

Case No. 21-cv-1774 (NEB/JFD)

**REPORT AND
RECOMMENDATION**

This matter is before the Court on Defendants Jeff Titus and Sherlinda Wheeler's

Motion to Dismiss the Amended Complaint (Dkt. No. 45). This motion has been referred

to the undersigned United States Magistrate Judge for a Report and Recommendation

pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set

forth below, the Court recommends granting the motion.

---

[1] In some sections, the Amended Complaint (Dkt. No. 44) refers to Does 1–100 instead of Does 1–5. This inconsistency does not affect the Court's analysis of the motion to dismiss, however.

[2] "Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "[T]o sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Id.* Mr. McCollum's Amended Complaint primarily states that he is suing the Defendants in their official capacities, but it also states at one point that "Defendants now named as Jeff Titus and DOES 1 through 100, where all of these Defendants are now being sued in their professional and individual capacities." (Am. Compl. Ex. 1 at 5, Dkt. No. 44-1.) Therefore, the Court will treat this statement as sufficient to invoke personal capacity claims against Jeff Titus and Doe Defendants, despite the "professional capacity" mischaracterization in the case caption.

1

Plaintiff Shawn A. McCollum represents himself in this matter. Assistant Attorney Generals Kaitrin C. Vohs and Corinne Wright represent Defendants Jeff Titus and Sherlinda Wheeler. Does 1–5 are unidentified and are therefore not represented by counsel. (Defs.' Mot. Dismiss at 1 n.1, Dkt. No. 45.)

## I.    Background

### A.    Procedural Background

Mr. McCollum initiated this suit by filing a Complaint under 42 U.S.C. § 1983 for alleged violations of his Eighth and Fourteenth Amendment rights. (Compl. at 1, Dkt. No. 1.) His claims relate to his medical condition during his incarceration at the Minnesota Correctional Facility in Oak Park Heights ("MCF-OPH") during the COVID-19 pandemic.

The original Complaint was filed against Defendants Warden Jeff Titus, Acting Warden Sherlinda Wheeler, Commissioner Paul Schnell, RN Supervisor Joan Wolff, Operations Director Christine Pawelk, Deputy Commissioner Michelle Smith, Assistant Commissioner Nanette Larson and Does 1-100. (Compl. at 5.) Warden Titus and Acting Warden Wheeler filed a motion to dismiss. (Dkt. No. 25.) On June 2, 2022, U.S. Magistrate Judge Hildy Bowbeer (ret.) issued a Report and Recommendation, finding that (1) the Complaint gave insufficient notice of claims to Defendants Wheeler, Schnell, Wolff, Pawelk, Smith, and Larson under Federal Rule of Civil Procedure 8; (2) the Complaint failed to state a procedural or substantive due process claim under the 14th Amendment; (3) the Complaint did not sufficiently allege actions or inactions taken with deliberate indifference to Mr. McCollum's health and safety in violation of the Eight Amendment; and (4) qualified immunity applied to claims against Defendants in their individual

capacity. (*See* R. & R., June 2, 2022, Dkt. No. 34.) Magistrate Judge Bowbeer also recommended that Mr. McCollum be allowed to file an amended complaint that asserted specific individual capacity claims against specific defendants. (*Id.* at 18.)

On July 6, 2022, U.S. District Judge Nancy E. Brasel accepted the Report and Recommendation and dismissed the Complaint without prejudice. (Order at 1–2, Dkt. No. 37.) Mr. McCollum was given leave to "refile an amended complaint that complies with Rule 8 of the Federal Rules asserting specific individual capacity claims against specific defendants no later than 21 days from the date of this order." (*Id.* at 2.) After three extensions were granted, Mr. McCollum filed the Amended Complaint on October 1, 2022 (by placing it in the mail on that date)—89 days after Judge Brasel's order and two days after the final deadline. (*See* Dkt. Nos. 43–44.)

**B.    The Amended Complaint**

The Amended Complaint (Dkt. Nos. 44, 44-1) is nearly a verbatim copy of the original Complaint (Dkt. Nos. 1, 1-1). New to the Amended Complaint are allegations that Mr. McCollum depends on Warden Titus for safety and medical attention and that Warden Titus is responsible for providing a safe environment, food, clothing, shelter, and adequate medical care and treatment to Mr. McCollum. (Am. Compl. Ex. 1 at 1, Dkt. No. 44-1.) Mr. McCollum also newly alleges that Warden Titus and Acting Warden Wheeler "had knowledge of the dangers and violations described in this complaint and failed to take corrective measures to ensure the safety of" Mr. McCollum. (*Id.* at 2.) The Amended Complaint then mirrors the original Complaint for several pages, until page 6, when Mr. McCollum alleges that he became infected with COVID-19 "as a result of the Acting

3

Warden's/Warden's failures to take corrective action to provide safety and adequate medical care with deliberate indifference." (*Id.* at 6.) The original Complaint and the Amended Complaint next diverge on page 19 of the Amended Complaint, where Mr. McCollum changed the number of the Doe Defendants from 100 to 5. (*Id.* ¶¶ 35–38.) Finally, Mr. McCollum added this sentence to the final allegation: "The Prison Warden Jeff Titus/Acting Warden Sherlinda Wheeler had the authority and legal obligation to provide the Plaintiff with adequate medical care and a safe environment, which are the most relevant aspects to the essentials of life by and through failing to provide adequate training for the function of the institution." (*Id.* ¶ 38.)

Otherwise, the following allegations, which largely founded the basis of Magistrate Judge Bowbeer's Report and Recommendation, appear in both the original Complaint and the Amended Complaint. This Court will cite only to the Amended Complaint, as that is the operative pleading before the Court.

Mr. McCollum has a history of ischemic heart disease, hypertension, atrial enlargement, thromboembolic disease, mitral valve insufficiency, hypertrophic cardiomyopathy, and other heart conditions. (Am. Compl. Ex. 1 at 3–4, 8.) He contracted the COVID-19 virus on or about September 16, 2020, while he was an inmate at MCF-OPH. (*Id.* ¶ 16.) He alleges that he temporarily lost his senses of smell and taste (*id*. ¶¶ 17, 23); his senses of smell and taste continue to be affected (*id.* ¶¶ 23, 34); he continues to experience severe fatigue, depression, joint pains, blood clots, and heart problems (*id.* ¶¶ 18–20, 30–32); and his pre-existing shortness of breath, heart palpitation, and chest pains worsened (*id*. ¶¶ 21, 33). Mr. McCollum alleges that a nurse told him that he was in

a constant state of atrial fibrillation, which is a state of irregular and rapid heart rate. (*Id.* ¶ 21.) Mr. McCollum alleges that he pours cold water over his body several times a week to shock his heart back into normal rhythm. (*Id.*)

Mr. McCollum further alleges that he contracted COVID-19 due to MCF-OPH's failure to protect him from contracting the virus, particularly Warden Titus, who is "responsible for ensuring the safety and wellbeing of prisoners under his supervision." (*Id.* ¶ 4 (citing Minn. Stat. § 241.021).) Specific failings alleged in the Amended Complaint include ineffective cleaning chemicals (*id.* ¶ 25), a lack of alcohol-based hand sanitizers (*id.*), and unclean air handlers (*id.* ¶ 26). He also asserts that social distancing is nearly impossible. (*Id.* ¶ 28.)

Mr. McCollum asserts that the correctional officers do not follow the policies in place to protect the safety and well-being of inmates. He describes instances of officers and staff not wearing face coverings, not changing their gloves after treating an infected inmate, and not washing their hands. (*Id.* ¶ 29.) Finally, Mr. McCollum alleges that vaccinations and natural immunity do not guard against variants of COVID-19. (*Id.* ¶¶ 35, 36.)

Based on the foregoing allegations, Mr. McCollum claims that Warden Titus, Acting Warden Wheeler, and the Doe Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* ¶¶ 34–38.) Specially, he claims they failed to protect him from contracting COVID-19, failed to implement social distancing, and caused him to suffer ongoing depression, joint pain, fatigue, and heart problems. The heading of Exhibit 1 to the Amended Complaint also references "due process violations." (*Id.* at 1.)

5

### C.    Warden Titus and Acting Warden Wheeler's Motion to Dismiss

Warden Titus and Acting Warden Wheeler move to dismiss the Amended Complaint in its entirety and with prejudice on the grounds that (1) Mr. McCollum failed to comply with the Court's order by filing the Amended Complaint late; (2) the Amended Complaint fails to meet the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure; (3) the Amended Complaint fails to state a valid claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (4) the Eleventh Amendment and 42 U.S.C. § 1983 bar Mr. McCollum's claims against Defendants in their official capacities; and (5) Defendants are entitled to qualified immunity for individual-capacity claims. Warden Titus and Acting Warden Wheeler argue that the Amended Complaint suffers from the same problems as the initial Complaint. (Defs.' Mem. Supp. Mot. Dismiss at 1, Dkt. No. 46.)

Mr. McCollum's response to the motion to dismiss was due on or before December 22, 2022. (Text-Only Order, Dkt. No. 52.) He did not file a response to the motion, however, nor has he otherwise communicated with the Court since November 21, 2022. (Pl.'s Req. Extension, Dkt. No. 51.)

## II.    Legal Standards

Courts must construe liberally complaints filed by pro se litigants and take all factual allegations as true. *See Estelle v. Gamble*, 429 U.S. 97, 99 (1976). However, the plaintiff must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[I]n fulfilling its duty to liberally construe a civil-rights pleading," a court need not "divine the litigant's intent and create claims that are not clearly

raised," nor "read or construct an argument into a civil-rights pleading." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004). Courts are also not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints must "set forth specific allegations showing what each named defendant allegedly did, or failed to do" that was unlawful. *Johnson v. Minn. Dep't of Corrs.*, Case No. 12-cv-784 (PAM/JSM), 2012 WL 2050246, at *3 (D. Minn. May 15, 2012).

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff need not plead "detailed factual allegations," but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. For a claim to be facially plausible, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In applying this standard, the Court accepts the factual allegations as true and views them most favorably to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

### III.    Analysis

#### A.    Compliance with Court Orders

Under Federal Rule of Civil Procedure 41(b), this Court has the authority to dismiss Mr. McCollum's current action for failure to prosecute or to comply with a court order. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008). Warden Titus and Acting Warden Wheeler argue that the Court should dismiss this action because Mr. McCollum failed to file the Amended Complaint before the deadline of September 29, 2022.  (Defs.' Mem. Supp. Mot. Dismiss at 5, Dkt. No. 46.) The Court declines to recommend dismissal pursuant to Rule 41(b) because the Amended Complaint was filed only a few days after the deadline and because the Court recommends dismissal on other grounds, below.

#### B.    Sufficiency of Pleading Under Rule 8

Rule 8 requires plaintiffs to provide defendants with fair notice of their claims and the grounds for those claims. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). Warden Titus and Acting Warden Wheeler argue that the Amended Complaint does not identify their respective specific unlawful conduct and instead makes generalized allegations. (Defs.' Mem. Supp. Mot. Dismiss at 6, Dkt. No. 46.) Accordingly, Warden Titus and Acting Warden Wheeler contend, Mr. McCollum has not "set forth specific allegations showing what each named defendant allegedly did, or failed to do," that was purportedly unlawful. *See Johnson*, 2012 WL 2050246, at *3.

Courts routinely find "kitchen-sink pleading" improper under Rule 8. *See, e.g., Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint

which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant.").

Mr. McCollum alleges in the Amended Complaint that Warden Titus and Acting Warden Wheeler caused specific harm, either through their action or inaction. Specifically, the Amended Complaint alleges that Warden Titus and Acting Warden Wheeler are responsible for overseeing conditions and providing a safe environment at MCF-OPH. (Am. Compl. at 1.) Warden Titus and Acting Warden Wheeler allegedly knew of the dangers and violations described in the Amended Complaint and failed to take corrective measures concerning, *inter alia*, the alleged violations of protocols by the Doe Defendants, the inadequacy of cleaning agents and disinfectants, and the unclean air handlers. (*See id.* at 2.) Mr. McCollum alleges the failure of Warden Titus and Acting Warden Wheeler to take corrective action to provide adequate medical care and safety protocols was deliberately indifferent to his medical needs. (*Id.* at 6.) Magistrate Judge Bowbeer found similar allegations adequate to give sufficient notice under Rule 8. (R. & R. at 7.) This Court now finds the same: The allegations in the Amended Complaint are sufficient to provide notice to Warden Titus and Acting Warden Wheeler that they should have done more to enforce the prison's policies or enact additional polices to address or prevent the spread of COVID-19.

## C.    Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows defendants to assert as a defense to a claim that a plaintiff has "failed to state a claim upon which relief can be

granted." Warden Titus and Acting Warden Wheeler claim that Mr. McCollum's Amended Complaint fails to state a plausible Eighth Amendment or Fourteenth Amendment claim. This Court agrees and recommends that the Amended Complaint be dismissed under Rule 12(b)(6).

### 1. Eighth Amendment Claims

Mr. McCollum alleges that Warden Titus and Acting Warden Wheeler violated his Eighth Amendment rights by not taking sufficient COVID-19 precautions at MCF-OPH. The Court reads the Amended Complaint to include claims for deliberate indifference to medical needs, failure to protect Mr. McCollum from a serious risk of illness, and cruel and unusual punishment.

First, to state a cognizable claim that Warden Titus and Acting Warden Wheeler were deliberately indifferent to Mr. McCollum's medical needs, his Amended Complaint must allege facts establishing both objective and subjective deliberate indifference. *Scott v. Benson*, 742 F.3d 335, 339–40 (8th Cir. 2014). "The subjective prong of deliberate indifference is an extremely high standard that requires a mental state of more than gross negligence," namely, a "mental state akin to criminal recklessness." *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016) (cleaned up). Mr. McCollum alleges that he suffers from atrial fibrillation, cardio myopathy, hypertension, and chronic pain. (Am. Compl. Ex. 1 ¶¶ 8, 15.) However, Mr. McCollum does not allege specifically how Warden Titus or Acting Warden Wheeler denied him access to medical care, interfered with his prescribed treatment, or deliberately failed to respond to his serious medical needs with respect to these conditions. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (instructing

that deliberate indifference may be shown by intentionally denying or delaying medical care, intentionally interfering with prescribed treatment, or failing to respond to a serious medical need). The original Complaint also lacked these allegations. (*See* R. & R. at 13.)

Other courts in the District of Minnesota have frequently declined to find deliberate indifference to medical needs in cases involving prison COVID-19 protocols. *See, e.g.*, *Frohlich v. United States*, No. 20-CV-02692 (PJS/HB), 2021 WL 2535696 (D. Minn. May 5, 2021) (holding that a prison official's refusal to place an elderly inmate in a single-person cell to guard against COVID-19 exposure was not deliberate indifference); *Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 WL 3476709 (D. Minn. Feb. 18, 2021) (holding that plaintiff's allegations that the prison hand sanitizer contained no alcohol, that there was not proper social distancing, and that the prison ventilation system was inadequate did not rise to the level of deliberate indifference). Similarly, the facts pleaded here do not state a plausible claim for deliberate indifference.

Second, to allege a failure-to-protect claim under the Eighth Amendment, "prisoners must demonstrate that they are incarcerated under conditions posing a substantial risk of serious harm and that the prison officials subjectively knew of and disregarded that safety risk." *See Smith v. Ark. Dep't of Corr.*, 103 F.3d 637, 644 (8th Cir. 1996). "In prison conditions claims, which include threats to an inmate's health and safety, the subjective inquiry is whether the prison officials were deliberately indifferent to a serious risk of harm to the inmate." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008)). Mr. McCollum alleges that the Centers for Disease Control and Prevention found that health conditions similar to his created an increased risk for severe illness from the COVID-19 virus. (*Id.*

¶ 14). From the alleged facts, one could infer that Mr. McCollum was at a heightened risk for contracting COVID-19. However, as discussed in the above paragraph, Mr. McCollum has not adequately pleaded deliberate indifference by Warden Titus or Acting Warden Wheeler.

Finally, to state a claim for a violation of an inmate's right to be free from cruel and unusual punishment, a complaint must allege how prison officials failed to provide the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotation omitted). The relevant allegations are the same in the Amended Complaint and the original Complaint, and Magistrate Judge Bowbeer previously found that the allegations "do not amount to an Eighth Amendment violation." (R. & R. at 14.) Mr. McCollum has not added to his Amended Complaint facts establishing "that the conditions at MCF-OPH amounted to a denial of the 'minimal civilized measures of life's necessities." (*See id.*)

For the above reasons, the Court recommends dismissal of Mr. McCollum's claims under the Eighth Amendment.

### 2. Fourteenth Amendment Claims

Although the caption of Exhibit 1 to Mr. McCollum's Amended Complaint refers to "due process violations," he does not address any such violations in the factual allegations or causes of action. Granting the pleading a liberal construction, the Court will briefly address procedural and substantive due process.

To allege a procedural due process claim, "a plaintiff must show that he has been deprived of a constitutionally protected life, liberty, or property interest." *Mulvenon v.*

12

*Greenwood*, 643 F.3d 653, 657 (8th Cir. 2011). "The plaintiff must also show that the defendants deprived him of such an interest without constitutionally adequate process." (R. & R. at 8 (citing *Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 817 (8th Cir. 2011); *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006)). Within the context of prison, interests protected by the due process clause are generally limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484–85 (1985). Mr. McCollum does not allege facts that create a plausible inference of hardship. Indeed, as Magistrate Judge Bowbeer found, "[t]he only possible allegation of insufficient due process comes from Plaintiff's explanation in the Form Complaint detailing why he has not exhausted his administrative remedies." (R. & R. at 8.) Judge Bowbeer concluded that Mr. McCollum did not allege a plausible due process claim, however, because he was able to present his claims to the court, and Defendants did not seek to dismiss for failure to exhaust. (*Id.* at 9.) The Amended Complaint contains no new allegations that would change this conclusion.

To allege a substantive due process claim, a complaint must demonstrate that a governmental officer infringed on a fundamental right in a way that was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). As with the original Complaint, the Amended Complaint does not allege what fundamental right was violated. (*See* R. & R. at 10.)

To the extent the Amended Complaint could be construed as alleging a due process claim, the Court recommends that it be dismissed.

### D.    Bars to Claims: Eleventh Amendment and Section 1983

Claims against Warden Titus and Acting Warden Wheeler in their "professional" capacities are treated as claims against the State of Minnesota. (*See* R. & R. at 16.) Magistrate Judge Bowbeer concluded that official capacity claims must be dismissed because (1) the State of Minnesota is immune from suit and (2) state employees acting in their official capacities are not "persons" under § 1983. Those claims have been dismissed, and leave to amend was granted only for individual capacity claims, not official capacity claims. (Order at 2, Dkt. No. 37.) Consequently, to the extent Mr. McCollum intended to reassert official-capacity claims, the motion to dismiss should be granted.

### E.    Qualified Immunity

Warden Titus and Acting Warden Wheeler argue that, to the extent they are sued in their individual capacities, they are entitled to qualified immunity. A government officer cannot be held personally liable for discretionary acts unless those acts violate clearly established constitutional or statutory rights which a government officer would have reasonably known of. (R. & R. at 16 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).) For reasons discussed above, the Amended Complaint does not allege a violation of Mr. McCollum's rights under the Eighth Amendment or the Fourteenth Amendment. Lacking a violation of a clearly established right, Warden Titus and Acting Warden Wheeler cannot be held liable in their individual capacities for the alleged conduct in the Amended Complaint.

14

**F.**     **The Doe Defendants**

Federal Rule of Civil Procedure Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Here, the Complaint was filed on August 2, 2021, more than 20 months ago. Mr. McCollum paid the entire $402.00 filing fee and did not apply for *in forma pauperis* status. He was warned by Magistrate Judge Bowbeer in an order dated August 20, 2021 that he was responsible for service of process. (Dkt. No. 6.) He did not serve any defendant within 90 days of filing the complaint, however, and on December 17, 2021, Magistrate Judge Bowbeer authorized service by the U.S. Marshals Service. (Order at 2–3, Dkt. No. 11.) Magistrate Judge Bowbeer ordered Mr. McCollum to submit a properly completed Form USM-285 for each Defendant within 30 days. (*Id.* at 3.) Magistrate Judge Bowbeer warned that if he failed to do so, the Court may recommend dismissal for failure to prosecute. (*Id.*) The deadline was later extended to February 18, 2022. (Text-Only Order, Dkt. No. 13.) Mr. McCollum submitted USM-285 forms for the named Defendants but not the Doe Defendants.

The Court now recommends that the Doe Defendants be dismissed without prejudice pursuant to Rule 4(m). Ample time has passed since the Complaint was filed for Mr. McCollum to take reasonable steps to identify the Doe Defendants and either serve them himself or submit properly completed USM-285 forms. Mr. McCollum has not

requested an extension of time to serve the Doe Defendants or shown good cause for his failure to identify and serve them. *See* Fed. R. Civ. P. 4(m).

Alternatively, the Court recommends that the Doe Defendants be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute. Mr. McCollum was warned that not submitting a properly completed Form USM-285 for each Defendant by February 18, 2022, could result in a recommendation for dismissal for failure to prosecute. "A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008).

## IV.    Recommendation

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.  Defendants Jeff Titus and Sherlinda Wheeler's Motion to Dismiss (Dkt. No. 45) be **GRANTED**, and all claims against them be **DISMISSED WITH PREJUDICE**;

2.  All claims against Does 1–5 be **DISMISSED WITHOUT PREJUDICE**; and

3.  **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: May 3, 2023                     *s/   John F. Docherty*
                                       JOHN F. DOCHERTY
                                       United States Magistrate Judge

16

**NOTICE**

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to D. Minn. LR 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation within fourteen days. A party may respond to objections within fourteen days after being served a copy of the objections. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).